IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 4:05-cr-00034-SPM-AK

DARON D. ALEXANDER,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    This matter is before the Court on Doc. 51, Motion to Vacate under 28 U.S.C. § 2255, by Daron D. Alexander. The Government has filed its response, Doc. 56, and the time for filing a reply has long since expired without further argument from Defendant. This cause is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the motion to vacate be denied.

**BACKGROUND**

    Defendant was indicted for possession of a firearm and ammunition by a prior convicted felon pursuant to 18 U.S.C. § § 922(g)(1) and 924(e). Doc. 1. The Indictment identified numerous prior felony convictions, including resisting an officer with violence, battery on a law enforcement officer, escape, depriving an officer of equipment, possession of cocaine, possession of a firearm by a convicted felon, and robbery. *Id*.

    Subsequently, Defendant pled guilty. As part of the plea agreement, Defendant recognized that he faced a minimum mandatory sentence of 15 years imprisonment and a

maximum of life imprisonment.  Doc. 19.  These are the statutory penalties for an armed career criminal offender pursuant to § 924(e).  In the Statement of Facts, Defendant agreed that he had indeed "been convicted of multiple felonies," as had been previously outlined in the Indictment. *Id*.

Thereafter, Defendant appeared for sentencing, and his attorney, William Clark, acknowledged that Defendant qualified for sentencing as an armed career criminal.  Doc. 40 at 3. He did not contest any of the convictions listed in the Presentence Report.  *Id*.   On his own behalf, however, Defendant argued that he had "requested his attorney on numerous occasions to object to the use of my prior felony convictions."  *Id*.  He argued that his convictions for possession of firearms by a convicted felon were for "simple possession" and "there was no violence associated with [them]."  *Id*.  He also argued that some of the convictions were "too old to be counted" or should be disregarded because he was a juvenile at the time of their commission.  *Id*. at 4-5.  The Court did not address Defendant's concerns and sentenced him to 180 months, or 15 years, imprisonment.  *Id*. at 6.

Defendant appealed, and the Eleventh Circuit rejected his "argument that the district court violated § 3553(a) by failing to state on the record that his sentence was 'not greater than necessary'" and found that the Court's statements that it had considered the § 3553(a) factors and the facts and circumstances of the case before imposing sentence was "sufficient to support a post-*Booker* sentence."  Doc. 49.

The instant motion ensued.  On this occasion, Defendant argues that his attorney rendered ineffective assistance when he failed to object to the youthful offender convictions in the PSR and allowed them to be used to enhance his sentence as an armed career criminal

offender beyond the usual 10-year statutory maximum for a § 922(g) offense.  Doc. 51, Attach. at 3.

## DISCUSSION

When a defendant indicted for unlawful firearms possession "has three previous convictions...for a violent felony or a serious drug offense, or both, committed on occasions different from one another," he shall be imprisoned not less than 15 years.  18 U.S.C. § 924(e)(1).  The term "violent felony" means

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that–
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).

Defendant maintains that his 1981 and 1982 juvenile convictions for robbery were unarmed and uncounseled and were obtained without the benefit of a jury trial.  Before Defendant pled guilty, counsel advised him:

> Your Robbery conviction in case 82-14255 qualifies as a "violent felony," as does the robbery conviction in case 81-20798.  The fact that the convictions are 25 years old does not matter....Your 1995 convictions in St. Lucie County for Resisting an Officer with Violence and Battery on a Law Enforcement Officer also qualify as violent felonies.

Doc. 56, Attach. 1.  Mr. Clark also advised Defendant that it did not matter that the robbery convictions occurred while he was a juvenile.  *Id*.

*Case No: 4:05-cr-00034-SPM-AK*

According to the PSR, in Cause No. 81-20798, Defendant "approached the victim...pushed the victim and a small child to the ground and took the victim's purse by force." PSR at 7. Defendant was 16 years old at the time and was represented by counsel. *Id.*; Doc. 56, Attach. 2. In Cause No. 82-14255CF, Defendant "approached the victim....verbally threatened the victim, and then took two rings from the victim." PSR at 7. Defendant was 17 years old and was represented by counsel. *Id.*; Doc. 56, Attach. 3. In the first case, Defendant pled guily; in the second, *nolo contendere* with an adjudication of guilt. Doc. 56, Attach. 2 & 3. Both convictions were for robbery, in violation of Fla. Stat. Ann. § 812.13, and were second degree felonies. *Id.*

At the time of these offenses, robbery was statutorily defined in Florida as the "taking of money or other property...from the person or custody of another by force, violence, assault, or putting in fear." Fla. Stat. Ann. § 812.13 (1975). Where a firearm is not used in the commission of the robbery, it is a second degree felony, which carries a 15-year term of imprisonment. *Id.* Counsel was therefore correct in advising Defendant that the robbery convictions qualified as violent felonies under § 924(e).

Furthermore, pursuant to *Daniels v. United States*, 532 U.S. 374, 383 (2001), as a "general rule," a defendant who has been sentenced in federal court may not lodge a § 2255 challenge to his sentence "on the ground that his prior [state court] convictions were unconstitutionally obtained." *Daniels*, 532 U.S. at 376. More specifically, the Court found:

> If...a prior conviction used to enhance a federal sentence is no longer open to
> direct or collateral attack in its own right because the defendant failed to pursue
> those remedies while they were available (or because the defendant did so
> unsuccessfully), then that defendant is without recourse. The presumption of
> validity that attached to the prior conviction at the time of sentencing is

> conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255. A defendant may challenge a prior conviction as the product of a *Gideon* violation in a § 2255 motion, but generally only if he raised that claim at his federal sentencing proceeding.

*Id*. at 382; *see also Custis v. United States*, 511 U.S. 485, 491 (1994) (collateral attack on prior convictions used as Armed Career Criminal enhancements permissible only where defendant was not represented by counsel in prior proceedings). In addition, while the robbery convictions may have been too old to be scored under the Guidelines, *see generally* U.S.S.G. Manual at ch. 4, pt. A, there is no similar temporal restriction in § 924(e)(1). *United States v. Green*, 904 F.2d 654, 655 (1990).

Neither *Shepard v. United States*, 544 U.S. 13 (2005), nor *Taylor v. United States*, 495 U.S. 575 (1990), stands for the proposition that the Court must independently review state court records to determine whether a defendant's prior felony convictions meet the requirements for enhancement under § 924(e) regardless of whether the defendant himself objects to their usage. In both *Shepard* and *Taylor*, the defendants had timely challenged the use of the prior convictions in the district courts, *see United States v. Shepard*, 125 F. Supp.2d 562 (D. Mass. 2000); *United States v. Taylor*, 864 F.2d 625 (8th Cir. 1989), and while instant Defendant charges that counsel was ineffective for not securing additional information beyond that stated in the PSR to advise the Court of the underlying facts of the convictions, he does not even now contest the summary of the offenses in the PSR or offer anything to refute the pertinent paragraphs.

Furthermore, Defendant's argument that unless the prior convictions themselves were obtained via jury verdict, they cannot be used for sentencing enhancement purposes is not contemplated by *Apprendi* and is a reading of *Apprendi* which has been rejected by the Eleventh

Circuit.  *See United States v. Burge*, 407 F.3d 1183, 1191 (11th Cir. 2005) (*Apprendi* does not state that juvenile adjudication can only count as prior conviction under § 924(e) if juvenile was afforded right to jury trial).

Having found no deficiency in counsel's performance, the Court concludes that Mr. Clark did not render ineffective assistance.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to vacate, Doc. 51, be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this  *9th*  day of October, 2007.

> *s/ A. KORNBLUM*
> **ALLAN KORNBLUM**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**