IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.                                   Case Nos.:    4:05cr34/MW/GRJ
                                                    4:16cv376/MW/GRJ
DARON D. ALEXANDER

## REPORT AND RECOMMENDATION

This matter is before the Court upon Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody and Memorandum in Support (ECF Nos. 69 & 70), the Government's Response thereto (ECF No. 75), and Petitioner's Reply (ECF No. 77). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and FED. R. CIV. P. 72(b). After a review of the record and the arguments presented, the Court concludes that Petitioner has not raised any issue requiring an evidentiary hearing and that the § 2255 Motion should be denied. *See* Rules 8(a) and (b) Governing § 2255 Cases.

## I.  BACKGROUND

On July 5, 2005, a grand jury returned a one-count indictment charging Petitioner Daron D. Alexander with possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (ECF No 3.) The indictment set forth nine prior felony convictions: a 1995 conviction for Resisting an Officer with Violence; a 1995 conviction for Battery on a Law Enforcement Officer; a 1995 conviction for Escape, a 1995 conviction for Depriving an Officer of Equipment; a 1995 conviction for Possession of Cocaine; a 1994 conviction for Possession of a Firearm by a Convicted Felon; a 1991 conviction for Possession of a Firearm by a Convicted Felon; and two 1982 convictions for robbery. *Id.*

On September 14, 2005, Petitioner pleaded guilty to the indictment. (ECF Nos. 18 & 19.) Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSR"). The Final PSR reflected that Petitioner had a base offense level of 20 pursuant to § 2K2.1 of the Sentencing Guidelines. *Id.* at ¶ 17. The PSR further determined Petitioner was subject to a Chapter Four Enhancement pursuant to §§ 4B1.4(a) and (b)(3)(B) of the Sentencing Guidelines

because he was subject to an enhancement under 18 U.S.C. §924(e), the Armed Career Criminal Act ("ACCA"). *Id.* at ¶ 23. After a downward adjustment for acceptance of responsibility, Petitioner's total offense level was 30. *Id.* at ¶¶ 24 & 25. Petitioner's criminal history category was IV. *Id.* at ¶ 34. Because Petitioner was an Armed Career Criminal pursuant to 18 U.S.C. §§ 922(g)(1) and 924(e), he faced a minim term of fifteen years' imprisonment and a maximum term of life. *Id.* at ¶ 54. Although the applicable Guidelines range was 135 to 168 months because the statutorily required minimum sentence is greater than the maximum Guidelines term, the Guidelines range became 180 months pursuant to § 5G1.1(b) of the Sentencing Guidelines. *Id.* at ¶ 55.

On December 19, 2005, United States District Judge Stephan P. Mickle adopted the findings of the PSR and sentenced Petitioner as an armed career criminal to 180 months of imprisonment and a five-year term of supervised release. (ECF No. 21.) The Court entered the judgment against Petitioner thereafter on January 4, 2006. (ECF No. 22.)

The Eleventh Circuit Court of Appeals affirmed Petitioner's conviction and sentence on September 11, 2006. (ECF No. 49.) On October 3, 2006,

Case Nos.: 4:05cr34/MW/GRJ; 4:06cv492/SPM/AK

Petitioner filed a Motion to Vacate pursuant to § 2255, in which he alleged that his attorney rendered ineffective assistance of counsel when he failed to object to the youthful offender convictions in the PSR and allowed them to be used to enhance his sentence as an armed career criminal offender beyond the usual 10-year statutory maximum for a § 922(g) offense. (ECF No. 51.) On November 27, 2007, Judge Mickle denied the Motion to Vacate. (ECF No. 65.)

On May 25, 2016, the Eleventh Circuit authorized the district court to consider Petitioner's second or successive motion to vacate, set aside, or correct his federal sentence. (ECF No. 68.) In the motion to vacate presently before the Court, Petitioner argues that the district court violated his due process rights pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), by subjecting him to a mandatory minimum 15-year sentence under the ACCA's residual clause. (Doc. 69.) In its order granting authorization, the Eleventh Circuit noted the following:

> At the time of Alexander's sentencing and the denial of his § 2255 motion, the record shows that the three qualifying convictions used for the ACCA enhancement were his two robberies and resisting an officer with violence. However, the record is unclear whether the two

Case Nos.: 4:05cr34/MW/GRJ; 4:06cv492/SPM/AK

robberies were counted under the residual clause or under the elements clause of the ACCA and why.

(Doc. 68 at 4-5.) On September 13, 2016, the Government filed a Response (ECF No. 75), and, on October 12, 2016, Petitioner filed a Reply. (ECF No. 77.)

## II.   ANALYSIS

### A. General Legal Standard

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to Section 2255 are extremely limited. A prisoner is entitled to relief under Section 2255 if the court imposed a sentence that: (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United*

*States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877; *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008). Not every claim of ineffective assistance of counsel warrants an evidentiary hearing. *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief. *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *See Winthrop–Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon

Case Nos.: 4:05cr34/MW/GRJ; 4:06cv492/SPM/AK

unsupported generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004). Even affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239. Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

### *B. Analysis*

The ACCA requires imposition of a fifteen-year mandatory minimum term of imprisonment for a defendant convicted of being a felon in possession of a firearm or ammunition if that defendant already has three or more convictions for a "violent felony" or a "serious drug offense." § 924(e)(1). The ACCA defined a "violent felony" as follows:

> [A]ny crime punishable by imprisonment for a term exceeding one year. . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

*Id.* § 924(e)(2)(B). The first prong of that definition, § 924(e)(2)(B)(i), is known as the "elements clause." *Mays v. United States*, 817 F.3d 728,

730–31 (11th Cir. 2016). The second prong, § 924(e)(2)(B)(ii), is itself split into two clauses. The first part, listing burglary, arson, extortion, or an offense involving the use of explosives, is known as the "enumerated offenses clause," and the second part is known as the "residual clause." *Id.*

On June 26, 2015, the United States Supreme Court held in *Johnson* that the ACCA's residual clause is unconstitutionally vague. 135 S. Ct. at 2563. And in April 2016, the Supreme Court held that the *Johnson* decision is retroactively applicable to cases on collateral review. *Welch v. United States,* 136 S. Ct. 1257, 1268 (2016).

In his Motion, Petitioner argues that the two prior robbery convictions used to enhance his sentence do not qualify as predicate offenses under the ACCA's elements clause, and "the only basis for concluding the offense is a violent felony is the [now invalid] residual clause." (ECF No. 70 at 11.) Petitioner further argues that his remaining felony convictions were all part of the same criminal episode, and, therefore, only count as one predicate offense. *Id.* at 12.

After briefing concluded in this case, the Eleventh Circuit issued its decision in *Beeman v. United States*, 871 F.3d 1215, 1222 (11th Cir. 2017).

In *Beeman*, the Eleventh Circuit stated:

> To prove a *Johnson* claim, a movant must establish that his sentence enhancement "turn[ed] on the validity of the residual clause." In other words, he must show that the clause actually adversely affected the sentence he received. *In re Thomas*, 823 F.3d 1345, 1349 (11th Cir. 2016). Only if the movant would not have been sentenced as an armed career criminal absent the existence of the residual clause is there a *Johnson* violation. That will be the case only (1) if the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause (neither of which were called into question by *Johnson*) to qualify a prior conviction as a violent felony, and (2) if there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense.
>
> . . . We conclude, and hold, that, like any other § 2255 movant, a *Johnson* § 2255 claimant must prove his claim. To prove a *Johnson* claim, the movant must show that—more likely than not—it was use of the residual clause that led to the sentencing court's enhancement of his sentence. If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause.

*Id.* at 1221-22 (footnotes omitted). Here, Petitioner fails to carry his burden. There is nothing in the PSR, sentencing transcript, or elsewhere in the record evidencing that the Court relied solely on the residual clause in applying Petitioner's ACCA enhancement. The *Beeman* court acknowledged that "if the law was clear at the time of sentencing that only

the residual clause would authorize a finding that the prior conviction was a violent felony, that circumstance would strongly point to a sentencing per the residual clause." *Id.* at 1224 n.5 (emphasis added). That is not the case here.

The Eleventh Circuit just recently clarified that, "Florida's robbery statute has *always* required violence beyond mere snatching, and, therefore, has as an element the use, attempted use, or threatened use of physical force against the person of another and qualifies as a violent felony under the elements clause of the ACCA." *United States v. Shotwell*, 708 F. App'x 989 (11th Cir. 2017) (emphasis supplied); *see also United States v. Jackson*, 704 F. App'x 911 (11th Cir. 2017). Indeed, it is just as likely, if not more likely, here that the district court relied on the elements clause as the residual clause. Therefore, Petitioner has "failed to prove—that it was more likely than not—he in fact was sentenced as an armed career criminal under the residual clause." *Beeman*, 871 F.3d at 1225.

Moreover, and notwithstanding the heightened *Beeman* standard, Petitioner is not entitled to relief under *Johnson* because he has at least three prior convictions that qualified as ACCA predicate offenses under the

elements clause. Since the briefing in this case was filed, the Eleventh Circuit has resolved the arguments Petitioner raises in support of his *Johnson* claim against him.[1] It is beyond dispute that a conviction in Florida for robbery under Fla. Stat. § 812.13 qualifies categorically as a violent felony under the elements clause of the ACCA. The Eleventh Circuit has also recently reaffirmed that resisting an officer with violence qualifies as a violent felony under the elements clause. *See United States v. Cargill*, 706 F. App'x 580 (11th Cir. 2017). Accordingly, because Petitioner has at least three prior convictions that qualify as ACCA violent felonies under the elements clause, Petitioner is not entitled to relief under *Johnson*.

### C. Evidentiary Hearing

To warrant an evidentiary hearing, a defendant must allege facts that, if true, would prove he is entitled to relief. Petitioner has failed to do so here. Accordingly, to the extent Petitioner requests an evidentiary hearing, his request is denied.

---

[1] For an in-depth discussion, *see Jackson*, 704 F. App'x 911; *Baxter v. United States*, 708 F. App'x 572 (11th Cir. 2017).

Case Nos.: 4:05cr34/MW/GRJ; 4:06cv492/SPM/AK

### III. CONCLUSION

For all of the foregoing reasons, the Court concludes that Petitioner has not shown that he is entitled to Section 2255 relief. Nor has he shown that an evidentiary hearing is warranted. Therefore, Petitioner's Motion should be denied.

### CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).

Case Nos.: 4:05cr34/MW/GRJ; 4:06cv492/SPM/AK

Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody (ECF No. 69) should be **DENIED**.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 26th day of March, 2018.

*/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

Case Nos.: 4:05cr34/MW/GRJ; 4:06cv492/SPM/AK

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.